UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
TYSON JAMAR HOLMES,

                    Plaintiff,

          -against-

FRANK BISIGNANO, COMMISSIONER OF
SOCIAL SECURITY,

                  Defendant.
------------------------------------------------------------X

**ORDER**

26-CV-4079 (LGD)

**LEE G. DUNST, Magistrate Judge:**

Before the Court is an *in forma pauperis* application filed by counsel on behalf of plaintiff Tyson Jamar Holmes ("Plaintiff") in this action against the Commissioner of the Social Security Administration ("Defendant") seeking review of the decision of the Administrative Law Judge pursuant to 42 U.S.C. § 405(g).   Electronic Case Filing ("ECF") Nos. 1, 2.   For the reasons below, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice and Plaintiff shall either file a renewed *in forma pauperis* application as set forth below or pay the $405.00 filing fee within fourteen (14) days in order to proceed with this case.

To qualify for *in forma pauperis* status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life."  *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (internal quotation marks omitted).   "The purpose of the statute permitting litigants to proceed IFP [*in forma pauperis*] is to insure that indigent persons have equal access to the judicial system."  *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (citing *Gregory v. NYC Health & Hospitals Corp.*, 07-CV-1531, 2007 WL 1199010, at *1 (E.D.N.Y. Apr. 17, 2007)). The determination of whether an applicant qualifies for *in forma*

*pauperis* status is within the discretion of the district court.   *Davis*, 2010 WL3419671 at \*1 (citing *DiGianni v. Pearson Educ.*, 10-CV-0206, 2010 WL 1741373, at \*1 (E.D.N.Y. Apr. 30, 2010)).   The Court may dismiss a case brought by a plaintiff requesting to proceed *in forma pauperis* if the "allegation of poverty is untrue."   28 U.S.C. § 1915(e)(2)(A).   Further, "[i]n assessing an application to proceed *in forma pauperis*, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend."   *Fridman v. City of New York,* 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

Plaintiff's application does not include sufficient information for the Court to determine that Plaintiff is qualified for *in forma pauperis* status and raises more questions than it answers. For example, Plaintiff reports having no income, no assets, and no cash or money in an account. *See* ECF No. 2 at ¶¶ 3–5.   Plaintiff also reports that he has no living expenses because he is "living with my mother, and she is supporting me."   *Id*. at ¶ 6.   Given Plaintiff's representation that his mother financially supports him, the Court shall "consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life." *Fridman*, 195 F.3d at 537.   Accordingly, Plaintiff's application to proceed *in forma pauperis* is denied without prejudice and with leave to renew upon filing the enclosed "Application to Proceed in District Court without Prepaying Fees or Costs (Long Form)" (AO 239) ("Long Form").   Plaintiff shall provide the financial information for his mother and for any other person(s) who provide him with financial support in the spaces marked "Spouse" on the Long Form.   Alternatively, Plaintiff may pay the $405.00 filing fee.

Plaintiff shall either file the Long Form or remit the filing fee within two (2) weeks of the date of this Order or this action will be reassigned to a district judge and the undersigned will recommend that this action be dismissed without prejudice.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED**:

Dated: Central Islip, New York
     July 21, 2026

/s/ Lee G. Dunst
LEE G. DUNST
United States Magistrate Judge